**Motion Denied, Appeal Dismissed, and Memorandum Opinion filed August 2, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00482-CV

---

**MICHAEL T. MANN, M.D, Appellant**

**V.**

**KENDERRICK MERRITT, Appellee**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-42856**

---

## M E M O R A N D U M    O P I N I O N

This is an interlocutory appeal in a health care liability case. Appellant Michael T. Mann, M.D., is one of three defendants. All three defendants filed motions to dismiss appellee/plaintiff Kenderrick Merritt's claims for failure to serve an expert report as required by chapter 74 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (West 2017). Then, after Merritt served a report written by Emilio Lobato, M.D., all three defendants objected

to the sufficiency of the report. *Id.* § 74.351(l).

The trial court signed an order on May 23, 2018, which states in relevant part:

> Came on to be heard Defendants' Objections to the Sufficiency of Plaintiff's Chapter 74 expert report written by Emilio Lobato, M.D. and Motions to Dismiss. Upon consideration, the Court makes the following rulings:
>
> (1) Defendants' objections that Dr. Lobato's report constitutes no report are overruled.
>
> (2) Plaintiff has 30 days from the date of this Order for Dr. Lobato to amend his report to state specific facts as to causation — what exactly happened to Plaintiff that should have been prevented; how the harm/injury to Plaintiff should be have been prevented; and by whom.

Mann filed a notice of appeal from the May 23, 2018 order; the other two defendants did not.

Section 51.014(a)(9) of the Civil Practice and Remedies Code permits an interlocutory appeal from an order that "denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351." The May 23, 2018 order does not deny Mann's motion to dismiss in whole or in part; rather, it allows an amended report. Accordingly, it is not appealable under section 51.014(a)(9).

On July 2, 2018, we notified the parties of our intent to dismiss the appeal for lack of jurisdiction. Mann filed a response contending the order denies his motion to dismiss for failure to serve an expert report, which denial may be challenged on interlocutory appeal. He acknowledges the trial court's granting of an extension to time to file an amended expert report is not appealable. *Id.* (" . . . an appeal may not be taken from an order granting an extension under Section 74.351"). Mann also

2

says the court's "agree[ment] that the untimely report was insufficient" is not at issue in his appeal.

We disagree with Mann's reading of the May 23, 2018 order. The order effectively grants an extension to file an expert report and, therefore, is not an appealable interlocutory order. *Id.*

We **DISMISS** this appeal for lack of jurisdiction. Mann's motion for extension of time to file his brief is **DENIED AS MOOT**.


PER CURIAM


Panel consists of Justices Boyce, Christopher, and Busby